FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 22, 2015

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA FOSTER,<br><br>     Plaintiff,<br><br>  v.<br><br>WALMART STORES, INC., a Delaware corporation,<br><br>     Defendant. | No.  2:15-CV-0083-SMJ<br><br>**ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER** |

  Before the Court, without oral argument, is Defendant Walmart Stores, Inc.'s Motion for Entry of Stipulated Protective Order, ECF No. 12.  Having reviewed the pleadings and the file in this matter, the Court is fully informed, grants the motion, and enters the following stipulated protective order.  The Court need not make a finding of good cause before issuing this stipulated protective order. *In re Roman Catholic Archbishop of Portland in Oregon,* 661 F.3d 417, 424 (9th Cir. 2011).

  Defendant in the above-captioned lawsuit possesses information related to the subject matter of this action that is confidential and the parties recognize that in the course of discovery proceedings it may be necessary to disclose such information.  The parties agree that such confidential information is properly

ORDER **-** 1

usable by other parties solely in connection with these proceedings and wish to ensure that all such information shall be kept confidential and shall not be used for any purpose other than the proceedings in this case. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), to protect the trade secrets and confidential business information of Defendant, the parties to this action, by and through their respective counsel have stipulated to the following protective order for the protection of confidential information, documents, and other things produced or given as part of the disclosure, discovery, or litigation process.

1. When used in this Order, the word "documents" means all written, recorded electronic or graphic matter whatsoever, however created and whatever the medium on which it was produced or reproduced.

2. "Confidential Information," as used herein, means:
(a) Business information of a proprietary or confidential kind or character; and
(b) that is produced or disclosed in response to interrogatories, requests for production or documents or tangible things, subpoenas, questioning at depositions or other testimony, or otherwise in connection with responses to demands for discovery; and
(c) that is designated as "Confidential" and in accordance with this Stipulation and Protective Order. In designating information as "Confidential", a party will make such designation only as to that information that in good faith it believes contains

ORDER - 2

confidential information entitled to the disclosure limitations provided by this Protective Order.

3. The parties and their counsel shall not use the Confidential Information provided to them for any purpose other than this lawsuit, or any of its appeals, obtained pursuant to discovery in the above-entitled action.

4. The Confidential Information produced under this Stipulated Protective Order may be reviewed only by:

    A. The parties;

    B. The attorneys in this case for the party receiving the information and their regularly employed staff including secretaries, legal assistants, paralegals and legal copy services;

    C. Court Reporters should the confidential information be marked as a deposition exhibit or otherwise produced in a deposition.

    D. Experts retained by the parties as consulting experts or testifying experts.

    E. As to the parties and their counsel, they will be bound by and will honor all conditions and provisions of this Stipulation and Protective Order. They will provide the persons, described in D, with a copy of this Stipulation and Protective Order and require them to

ORDER - 3

agree to comply with its terms and have them sign Exhibit A, attached, Agreement to Be Bound by Protective Order.

  F. Any witness who is an employee or former employee of Wal-Mart may be questioned about the Confidential Information during his or her deposition.

  G. Any confidential document may be raised or discussed in the Courtroom subject to such rulings as the Court may direct regarding such documents.

 5. Any person not listed in paragraph 4 is precluded from access to the Confidential Information. The parties, and their counsel, and the other individuals identified in paragraph 4 who receive Confidential Information are precluded from sharing the substance or content of the Confidential Information with any other individuals or entities. To prevent unnecessary disclosure the parties agree that no non-party fact witnesses may attend depositions as observers.

 6. Designations of information as "Confidential" shall be made as follows: (a) In the case of documents produced by a party, or in a party's written responses to discovery requests, by informing the opposing party in writing that the documents are designated Confidential or by conspicuously stamping page containing such information with the appropriate designation except that where

ORDER - 4

the whole of a document contains Confidential Information the designation on the first page of the document is sufficient;

(b) In the case of documents produced by nonparties, by providing a notice in writing to all other parties so identifying such documents within ten (10) business days after receiving copies of such produced documents;

(c) In the case of deposition testimony, by a statement on the record at or reasonably near the time of such testimony. A party may also designate deposition testimony as "Confidential" within ten (10) days of receipt of the written transcript of such testimony.

(d) In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. Thereafter, upon selection of specified documents for copying by the inspection party, the producing party shall mark as "Confidential" the copies of such documents as may contain Confidential Information at the time the copies are produced to the inspecting party or may inform the other party in writing which documents are confidential.

(e) Subject to the future terms of a formal agreement between the parties concerning the reasonable scope and parameters of electronic discovery, to the extent such information exists, in producing non-paper media (e.g., audiotape, computer disks, devices, etc.), the outside of the medium or its container, if any,

ORDER - 5

1 shall be conspicuously marked with the proper designation. Documents on non-
2 paper media shall be marked, when possible, manual electronically-applied
3 "Confidential" designations as set forth in (a).

4 (f) A non-party may claim the protection of this Protective Order for Confidential
5 Information that it provides pursuant to discovery demands in this action by
6 designating such information in accordance with the provisions of this Paragraph
7 of this Protective Order.

8     7. Except as provided in this paragraph, the Confidential Information shall
9 not be filed by the parties as public record with the court, unless 8 days advance
10 notice is given to the designating party's counsel. The party asserting any
11 confidentiality right under this Order hereby consents that the date for hearing on
12 any motion in which the other party seeks to use Confidential Information may be
13 extended, upon that party's request, to allow for the notice provision stated herein.

14     8. Nothing in this Stipulated Protective Order shall prejudice or preclude
15 any party from applying to the court for additional or different protective relief in
16 respect of the Confidential Information, should the need arise during this
17 litigation, nor shall anything in this Stipulated Protective Order preclude or
18 prevent any party from seeking relief from the court pursuant to the terms of this
19 Protective Order or in respect of other discovery requests. This Protective Order
20 does not affect or alter a party's rights to refuse to produce information properly

subject to the attorney-client privilege or attorney work-product doctrine, or otherwise object to, and seek relief from, another party's discovery requests.

9. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" consents to such disclosure

10. The provisions of this Order shall not terminate at the conclusion of this litigation. The confidential information shall be returned to counsel for the party providing it or destroyed within thirty (30) days following completion of this lawsuit, including any appellate review.

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion for Entry of Stipulated Protective Order, **ECF No. 12**, is **GRANTED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 22nd day of October 2015.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 7

## Exhibit A

## Agreement To Be Bound By Protective Order

I, the undersigned, hereby certify I have read the attached Stipulated Protective Order entered in *Foster v. Wal-Mart Stores, Inc.,* I understand that Confidential Material is being provided to me pursuant to the terms of this Stipulated Protective Order. I understand the terms of this Stipulated Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the Eastern District of Washington with respect to any proceeding related to the enforcement of this Stipulated Protective Order, including any proceedings related to contempt of Court. I will not disclose Confidential Material to anyone other than persons specifically authorized by the Order or use the Confidential Material for any purpose not appropriate or necessary to my participation in this case. I will maintain all such Confidential Material including copies, notes, or other transcriptions made therefrom in a secure manner to prevent unauthorized access to it. I will return the Confidential Material including copies, notes, or other transcriptions made therefrom to the counsel from whom I received such materials.

I certify that I am not engaged in business as a competitor of any person or entity currently a party to this action. If, at any time after I execute this Consultant Certification and during the pendency of the Action, I become engaged in business as or for a competitor of any person or entity currently a party to this action, I will promptly inform the attorneys for the party who retained me in this action, and I will not thereafter review any Covered Matter marked "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS' EYES ONLY" unless and until the Court in the action orders otherwise.

ORDER - 8

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties: _____

Dated: _____ Signature: _____

ORDER - 9